IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARRIE M. WARD

   v.  :  Civil Action No. DKC 22-3232

JASWANT BAWA, et al.

**MEMORANDUM OPINION**

The court issued an Order directing Defendants to show cause why this case should not be remanded to the Circuit Court for Montgomery County, Maryland on December 16, 2022. (ECF No. 6). Plaintiffs moved to remand on December 20, 2022. (ECF No. 8).[1] Defendants filed a response to the court's order to show cause and opposition to the motion to remand on January 9, 2023 (ECF No. 13). No reply to the motion to remand has been filed. The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be granted.

**I.   Background**

On or about April 13, 2006, Defendants Jaswant Bawa and Harmeet Bawa jointly purchased 12802 Grand Elm Street, Clarksburg,

---

[1] Defendants also filed motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 9) and a motion for Plaintiffs to comply with Fed.R.Civ.P 7.1 and Local Rule 103.3 (ECF No. 15). The court will not rule on these motions because the case will be remanded.

MD 20871.  Jaswant Bawa signed a promissory note for $681,180 and both Defendants executed a deed of trust securing the note with a lien on the property.  The deed of trust was assigned to New York Mellon FKA the Bank of New York, as Trustee for the Certificates of CWALT, Inc., Alternative Loan Trust 2006-OA7, Mortgage Pass-Through Certificates, Series 2006-OA7 ("Bank of New York Mellon") on February 11, 2012.  Defendants defaulted on the note and Plaintiffs were appointed substitute trustees.  The Trustees filed a foreclosure action against the property in the Circuit Court for Montgomery County, Maryland on April 5, 2019, under Case No. 465352V.  Defendants removed the foreclosure action to this court on December 15, 2022, asserting federal question jurisdiction.

**II.  Standard of Review**

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v.*

2

*Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

The removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question").

**III. Analysis**

In their removal notice, Defendants contend that their rights were violated under the Real Estate Settlement and Procedures Act when the bank considered Defendants' modification application

3

while simultaneously proceeding with foreclosure. In response to the court's show cause order, Defendants also assert that the assignment of the deed of trust was invalid because "2006-OA7-Trust was a legally non-existing entity at that time." (ECF No. 13, p. 4).

In determining the propriety of removal, however, courts generally look to the face of the underlying pleading. *See Griffin v. Ford Consumer Finance Co.*, 812 F.Supp. 614, 616 (M.D.N.C. 1993) (quoting *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)). Here, Defendants have not submitted a complaint presenting federal jurisdiction, although the court's show cause order invited them to do so. Nor have they provided a copy of the Order to Docket or the accompanying papers filed in state court.[2] Defendants did, however, provide a copy of the Affidavit of Deed of Trust Debt and Right to Foreclose that was filed in state court on April 5, 2019, in support of the foreclosure action which cites the various provisions under the Real Property Article of the Annotated Code of Maryland and the Maryland Rules as grounds for the foreclosure action. (ECF No. 13-4, pp. 2, 3). To the extent that Defendants challenge Plaintiffs' ability to enforce the promissory note and deed of trust, such determinations are governed

---

[2] Under Local Rule 103.5.a, any party effecting removal shall file true and legible copies of all documents then on file in the state court, together with a certification within 30 days of removal.

4

exclusively by Maryland law.  *See* Md. Code Ann., Comm. Law §§ 3-101, *et seq.*  Moreover, any defensive claims Defendants may wish to present cannot provide a basis for removal jurisdiction.  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 584 ("A defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331.").  Thus, the case cannot be sustained in this court on the basis of federal question jurisdiction.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand will be granted.  A separate order will follow.

                                           /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge